UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., a Florida not for profit corporation, and BONNIE KRAMER Individually,<br><br>                Plaintiffs,<br><br>v.<br><br>GENERAL GROWTH PROPERTIES, INC., a Delaware corporation.<br><br>                Defendant | No.  07 CV 6351<br><br>Judge Conlon<br><br>Magistrate Judge Ashman |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant General Growth Properties, Inc. ("Defendant"), by its attorneys, Rothschild, Barry & Myers LLP, and for its Answer and Affirmative Defenses to Plaintiffs' Complaint, states as follows:

1. Plaintiff, BONNIE KRAMER, is an individual residing in Cleveland Ohio. Ms. Kramer suffers from multiple sclerosis and is bound to a wheelchair to ambulate.

**ANSWER:** Defendant is without knowledge of the allegations contained in Paragraph 1 of the Complaint and therefore denies them.

2. Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non-profit corporation formed under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC. maintains its principal office at 702 North E Street, Lake Worth, FL 33460, in the County of Palm Beach.

**ANSWER:** Defendant is without knowledge of the allegations contained in Paragraph 2 of the Complaint and therefore denies them.

3. Defendant's property, Golf Mill Mall, 298 Golf Mill Center, Niles, IL 60714, is located in the County of Cook.

**ANSWER:** Defendant admits that the subject property, Golf Mill Mall, is in the county of Cook. Defendant denies all remaining allegations contained in Paragraph 3 of the Complaint.

      4. Venue is properly located in the NORTHERN DISTRICT OF ILLINOIS because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

**ANSWER:** Defendant admits that the Northern District of Illinois is an appropriate venue for this action. Defendant denies all remaining allegations contained in Paragraph 4 of the Complaint.

      5. Pursuant to 28 *U.S.C.* § 1331 and 28 *U.S.C.* § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 *U.S.C.* § 12181 et seq. See also 28 *U.S.C.* § 2201 and § 2202.

**ANSWER:** Defendant states that the statutory sections cited in Paragraph 5 of the Complaint speak for themselves and denies any and all allegations inconsistent therewith and/or contrary thereto and/or that Defendant has acted inconsistent therewith and/or contrary thereto. Notwithstanding, Defendant denies the allegations contained in Paragraph 5 of the Complaint, including, but not limited to, any allegations that Defendant has violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

      6. Plaintiff BONNIE KRAMER is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. BONNIE KRAMER travels to the Chicago area several times each year to visit her adult son. While in the Chicago area, Ms. Kramer stays in area hotels, shops in area stores, visits theaters and tourist attractions. Ms. Kramer also is an advocate for similarly situated disabled persons and monitors places of public accommodation to determine whether they are in conformity with the ADA. BONNIE KRAMER has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property and to determine whether it has removed its discriminatory barriers and come into compliance with the ADA. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety. The Plaintiff is also a member of the Plaintiff organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in paragraph 7.

**ANSWER:** Defendant is without knowledge of the allegations contained in the first 4 sentences of Paragraph 6 of the Complaint and therefore denies them. With respect to the allegations contained in the fifth sentence of Paragraph 6 of the Complaint, Defendant denies that any "discriminatory barriers" exist at the subject property and/or that Defendant and/or the subject property are not in compliance with the ADA. Defendant is without knowledge of the remaining allegations contained in the fifth sentence of Paragraph 6 of the Complaint and therefore denies them. Defendant is without knowledge of the allegations contained in the sixth sentence of Paragraph 6 of the Complaint, and therefore denies them. To the extent the allegations contained in the sixth sentence of Paragraph 6 of the Complaint allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Defendant, they are denied. Defendant is without knowledge of the allegations contained in the seventh sentence of Paragraph 6 of the Complaint and therefore denies them. To the extent the allegations contained in the seventh sentence of Paragraph 6 of the Complaint allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Defendant, they are denied. Defendant is without knowledge of the allegations contained in the eighth sentence of Paragraph 6 of the Complaint and therefore denies them.

7. Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

**ANSWER:** Defendant is without knowledge of the allegations contained in the first 3 sentences of Paragraph 7 of the Complaint and therefore denies them. Defendant denies the allegations contained in the fourth sentence of Paragraph 7 of the Complaint. With respect to the allegations contained in the fourth sentence of Paragraph 7 of the Complaint, Defendant further denies that Defendant is not in compliance with the ADA. Defendant denies the allegations contained in the fifth and sixth sentences of Paragraph 7 of the Complaint.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Golf Mill Mall, 298 Golf Mill Center, Niles, IL 60714.

**ANSWER:** Defendant states that the Code of Federal Regulations sections cited in Paragraph 8 of the Complaint speak for themselves and denies any allegations inconsistent therewith and/or contrary thereto and/or that Defendant has acted inconsistent therewith and/or contrary thereto. Notwithstanding, with respect to the allegations contained in the first sentence of Paragraph 8 of the Complaint, and keeping the foregoing in mind, Defendant admits that it operates the subject property. Defendant denies all remaining allegations contained in the first sentence of Paragraph 8 of the Complaint. Defendant denies the allegations contained in the second sentence of Paragraph 8 of the Complaint, as *inter alia*, they call for legal conclusions. With respect to the allegations contained in the third sentence of Paragraph 8 of the Complaint, Defendant admits that it operates the subject property. Defendant denies all remaining allegations contained in the third sentence of Paragraph 8 of the Complaint.

9. DISABLED PATRIOTS OF AMERICA, INC. and BONNIE KRAMER have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to

the allegations in paragraph 11 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. BONNIE KRAMER desires to visit Golf Mill Mall not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination. Plaintiff intends to return to the subject property, but for its discriminatory barriers and, at present, the discriminatory barriers prevent Plaintiff from returning to the property to fully enjoy the goods and services available.

**ANSWER:** Defendant denies the allegations contained in the first 2 sentences of Paragraph 9 of the Complaint. With respect to the allegations contained in the third sentence of Paragraph 9 of the Complaint, Defendant is without knowledge of the allegations pertaining to Ms. Kramer's "desires" described therein and/or the purposes and/or reasons pertaining to same and therefore denies them. To the extent the allegations contained in the third sentence of Paragraph 9 of the Complaint allege, attempt to allege, or imply wrongdoing, or illegal or improper acts by Defendant, they are denied. With respect to the allegations contained in the fourth sentence of Paragraph 9 of the Complaint, Defendant is without knowledge of Plaintiffs' intentions, and therefore denies them. Defendant denies all remaining allegations contained in the fourth sentence of Paragraph 9 of the Complaint.

10. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

**ANSWER:** Defendant states that the statutory section cited in Paragraph 10 of the Complaint speaks for itself and denies any allegations inconsistent therewith and/or contrary thereto and/or that Defendant has acted inconsistent therewith and/or contrary thereto. Notwithstanding, Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000

or less). A preliminary inspection of Golf Mill Mall has shown that violations exist. BONNIE KRAMER is aware of these violations. These violations include, but are not limited to:

<u>Parking</u>

1. Some of the accessible spaces do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

2. Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

3. The disabled use spaces do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

4. The disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

<u>Entrance Access and Path of Travel</u>

1. There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6, and 4.7.9 of the ADAAG whose resolution is readily achievable.

2. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

<u>Access to Goods and Services</u>

1. There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG whose resolution is readily achievable.

2. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

3. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

4. There are vending machines for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

5. There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

Restrooms

      1. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

      2. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

      3. There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

      4. There are amenities provided for public use that do not comply with the requirements of the ADAAG whose resolution is readily achievable.

**ANSWER:** Defendant states that the ADAAG sections cited in Paragraph 11 of the Complaint, including all of its subparts, speak for themselves and denies any allegations that are inconsistent therewith and/or contrary thereto and/or that Defendant has acted inconsistent therewith and/or contrary thereto. Notwithstanding, Defendant denies the allegations contained in Paragraph 11 of the Complaint, including all subparts.

      12. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**ANSWER:** With respect to the allegations contained in the first sentence of Paragraph 12 of the Complaint, Defendant denies the existence of "discriminatory violations," and/or that it has violated the ADA, and/or that it has discriminated against Plaintiffs and/or anyone else, whether pursuant to

the allegations contained in Paragraph 11 of the Complaint, Paragraph 12 of the Complaint, or otherwise. Defendant denies all remaining allegations contained in the first sentence of Paragraph 12 of the Complaint. Defendant denies the allegations contained in the second, third, fourth, and fifth sentences of Paragraph 12 of the Complaint.

13. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 *U.S.C.* § 12181 et *seq.* and 28 CFR 36.302 et *seq.* Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

**ANSWER:** Defendant states that the statutory and Code of Federal Regulations sections cited in Paragraph 13 of the Complaint speak for themselves and denies any allegations that are inconsistent therewith and/or contrary thereto and/or that Defendant has acted inconsistent therewith and/or contrary thereto. Notwithstanding, Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 *U.S.C.* § 12205 and 28 CFR 36.505.

**ANSWER:** Defendant states that the statutory and Code of Federal Regulations sections cited in Paragraph 14 of the Complaint speak for themselves and denies any allegations that are inconsistent therewith and/or contrary thereto. Notwithstanding, Defendant denies the allegations contained in the first sentence of Paragraph 14 of the Complaint. With respect to the allegations contained in the second sentence of Paragraph 14 of the Complaint, Defendant is without knowledge of the allegation

that "Plaintiffs" have retained the undersigned counsel [Plaintiffs' counsel]" and therefore denies them. Defendant denies all remaining allegations contained in the second sentence of Paragraph 14 of the Complaint.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

**ANSWER:**   Defendant states that the Code of Federal Regulations sections cited in Paragraph 15 of the Complaint speak for themselves and denies any allegations that are inconsistent therewith and/or contrary thereto and/or that Defendant has acted inconsistent therewith and/or contrary thereto. Notwithstanding, Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Century Shopping Center to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**ANSWER:**   Defendant states that the statutory section cited in Paragraph 17 of the Complaint speaks for itself and denies any allegations contained in Paragraph 17 of the Complaint that are

inconsistent therewith and/or contrary thereto and/or that Defendant has acted inconsistent therewith and/or contrary thereto. Notwithstanding, Defendant denies the allegations contained in Paragraph 17 of the Complaint.[1]

Defendant denies the "Wherefore" clause of the Complaint, and Defendant denies that Plaintiffs are entitled to any relief in their favor.

## ATTORNEYS' FEES

Defendant has retained the law firm of Rothschild Barry & Myers LLP and has agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205, and applicable law, Defendant is entitled to recover the attorneys' fees and costs incurred in this action.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs, individually and/or collectively, do not have standing, individual, "tester," associational, and/or otherwise, to bring this action. Therefore, the Complaint should be dismissed and Plaintiffs are not entitled to any relief in their favor.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to provide Defendant with notice, and/or an opportunity to cure any alleged violations, all such violations being specifically denied. Therefore, Plaintiffs are not entitled to any relief, and/or to recover their attorneys' fees or costs.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for relief by failing to adequately plead and by failing

---

[1] Paragraph 17 of the Complaint refers to a "Century Shopping Center," and it is unclear whether this "shopping center" is (i) claimed to be in any way related to the subject Golf Mill Mall, (ii) located in the Northern District of Illinois, and/or (iii) subject to this Honorable Court's jurisdiction.

to be able to establish a violation of Title III of the ADA, and/or any other law. Therefore, the Complaint should be dismissed, and all relief sought by Plaintiffs should be denied.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have demanded modifications to the subject property, and/or to Defendant's policies, practices and/or procedures, that either are not readily achievable, are not technically feasible, would fundamentally alter the manner in which Defendant provides goods and services, would create an undue burden on Defendant, or which otherwise are not required as a matter of law.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have demanded modifications to the subject property, and/or to Defendant's policies, practices and/or procedures, that could create a threat to the health and safety of Plaintiffs and/or to others.

## SIXTH AFFIRMATIVE DEFENSE

Prior to the institution of this action, all violations recited therein being specifically denied, and in a manner that precludes the relief Plaintiffs seek, Defendant had already instituted appropriate barrier removal measures to eliminate any existing barriers to the extent readily achievable and technically feasible. Therefore, the Complaint is moot and should be dismissed, and Plaintiffs are not entitled to any relief in their favor.

## SEVENTH AFFIRMATIVE DEFENSE

Each of Plaintiff's claims or items of damage did not accrue within the statute of limitations period or other applicable time-frame provided for under any applicable law. Therefore, the Complaint should be dismissed, and Plaintiffs are not entitled to any relief in their favor.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join indispensable parties to this action. Therefore, the Complaint should be dismissed, and Plaintiffs are not entitled to any relief in their favor.

### NINTH AFFIRMATIVE DEFENSE

Some of the modifications demanded by Plaintiffs are subject to, and limited by, applicable local, state, or other laws, and, as such, may not be able to be performed, assuming *arguendo* that such modifications otherwise would be required.

### TENTH AFFIRMATIVE DEFENSE

Defendant has neither taken, nor ratified, any action with discriminatory purpose or intent. Rather, contrary to Plaintiffs' allegations, Defendant has acted in good faith and has not authorized any action prohibited by law or committed any unlawful practice, or engaged in any inappropriate, illegal, and/or improper activities.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant cannot have subjected, and did not subject, Plaintiffs to the discrimination alleged in the Complaint, and Plaintiffs are not entitled to any relief in their favor.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that any portions of the subject property do not strictly comply with relevant ADAAG standards, they are merely technical violations within acceptable conventional building industry tolerances for field conditions, and the subject property, when taken as a whole, is compliant with the ADA and its implementing regulations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent any architectural barriers existed, all such barriers being specifically denied, they have already been remedied and/or removed and the issues are now moot and the subject property is compliant with the ADA and its implementing regulations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent some or all of the claims or issues relate to property that is owned, operated, or leased by someone other than Defendant, Defendant is not liable for complying with the ADA with respect to any such property.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the following provisions of the Constitution of the United States of America:

    A.    Article I, Section 10, which prohibits any law impairing the obligations of contracts.

    B.    Amendment V, which prohibits the taking of private property without due process of law.

    C.    Amendment XIV, which prohibits the denial of due process and equal protection.

Defendant reserves the right to assert additional defenses and/or to amend the defenses set forth above.

WHEREFORE, Defendant, General Growth Properties, Inc., demands that the case against it be dismissed with prejudice, with all costs taxed against Plaintiffs and with attorneys' fees and such other appropriate relief in favor of Defendant and against Plaintiffs awarded to Defendant.

Respectfully submitted,

GENERAL GROWTH PROPERTIES, INC.

By:   s/ John D. Silk
One of Its Attorneys

Alan S. Madans
John D. Silk
Rothschild, Barry & Myers LLP
55 West Monroe Street, Suite 3900
Chicago, Illinois 60603
(312) 372-2345

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2008, I caused the attached Answer and Affirmative Defenses to Complaint, to be filed electronically with the Clerk of the Court through ECF and served electronically through ECF upon:

Thomas Bacon
baconlaw@bellsouth.net

Jose Antonio Isasi, II
isaij@gtlaw.com

s/ John D. Silk
John D. Silk